569 So.2d 547 (1990)
P. Howard JOHNSA and World Construction Company
v.
William E. EDWARDS, Jr., George Fee, John Doe and Richard Doe.
No. 89-CA-2318.
Court of Appeal of Louisiana, Fourth Circuit.
September 25, 1990.
Rehearing Denied November 29, 1990.
*548 Henry L. Klein, New Orleans, for appellants.
George B. Recile, New Orleans, for appellees.
Before CIACCIO, WILLIAMS and BECKER, JJ.
CIACCIO, Judge.
This is an appeal by Reliance Insurance Company from a judgment rendered in favor of defendants, William E. Edwards, Jr., George Fee and Donald Bernard, on defendants' reconventional demand. We affirm the judgment of the lower court.

FACTS
On July 29, 1983, P. Howard Johnsa (Johnsa) and World Construction Company filed a Petition for Writ of Injunction and for Damages against defendants, William E. Edwards, Jr. (Edwards) and George Fee (Fee) seeking damages and to enjoin defendants from purchasing a parcel of property located at Marengo Street and St. Charles Avenue in New Orleans. Plaintiffs' petition alleges that defendant Edwards had fraudulently obtained a loan from Johnsa in the amount of $28,500.00 for the purchase of the subject property. Plaintiffs further allege that defendant Fee, one of Johnsa's employees in his construction business, was assigned the task of inspecting the property at St. Charles and Marengo for possible purchase by Johnsa. Johnsa alleges in his petition that although Fee told him that the property was not available for purchase, Fee, Edwards and others were secretly trying to purchase this property using the sum which Johnsa had loaned to Edwards as a deposit.
*549 Plaintiffs later amended their petition to include as defendants Donald Bernard and Dr. Floyd Thacker, the other intended purchasers of the property. The owners of the property, Albert Mintz and other Mintz heirs, had agreed to transfer the property to defendants on or before July 29, 1983 for the cash sum of $287,500.00. Financing was to be provided by Audubon Federal Savings and Loan, and according to the sale documents, Edwards, Mr. and Mrs. Don Bernard and Dr. and Mrs. Floyd Thacker were to endorse the mortgage to secure the loan.
The act of sale was scheduled to occur at 4:00 p.m. on Friday, July 29, 1983, the deadline specified by the sellers. However, plaintiffs suit was filed at approximately 12:00 p.m. on July 29, 1983, and the trial court issued a temporary restraining order enjoining the sale and preventing defendants from purchasing the subject property on that date. In conjunction with this order, plaintiffs furnished an injunction bond in the amount of $100,000.00 executed by Geoffrey Longenecker as agent for Reliance Insurance Company. The specific language of the bond provided that P. Howard Johnsa as principal and Reliance Insurance Company as surety were bound and responsible for damages sustained by defendants in the event that the restraining order was wrongfully issued.
Prior to the scheduled act of sale, the parties to the transaction were notified of the restraining order and the sale did not take place. On Monday, August 1, 1983, the restraining order was dissolved and vacated by the lower court on motion of defendant, Donald Bernard. The petition for injunction was subsequently dismissed by plaintiffs.
In response to plaintiffs' petition for damages, defendants Edwards, Fee and Bernard, individually and on behalf of Maredel Partnership, filed an answer and general denial and subsequently filed a reconventional demand against Johnsa, World Construction Company and Reliance Insurance Company (Reliance) for damages incurred as a result of the issuance of the restraining order which they allege prevented their acquisition of the property. Reliance filed an answer and third party demand against Johnsa for indemnity for any and all amounts for which Reliance was cast in judgment.
The matter was tried before Commissioner Charles Rivet beginning on June 23, 1987, and was continued over several days, concluding on November 23, 1987. All proceedings as to World Construction Company were stayed at the time of trial due to the filing of bankruptcy proceedings.
On May 26, 1988 the Commissioner issued a report and recommendation to which Reliance filed exceptions. The trial court affirmed and entered judgment in accordance with the recommendation on August 3, 1987. The Commissioner made the following findings: 1) the temporary restraining order was wrongfully issued; 2) defendants were entitled to damages in the amount of $102,500.00, which represents the difference in the agreed purchase price of the property of $287,500.00 and an appraised value of the property as of July 29, 1983 which was $390,000.00; and 3) based on the issuance of the injunction bond, Reliance was found liable for $100,000.00 plus interest and costs and judgment was rendered against Johnsa personally for the remaining $2,500.00 in damages. Reliance Insurance Company brings this appeal asserting three assignments of error on the part of the Commissioner.

ASSIGNMENT NO. 1
Reliance argues that the Commissioner erred in failing to find that the defendants were not prepared to execute the act of sale on July 29, 1983, and that the sale would not have occurred notwithstanding the issuance of the restraining order. Specifically, Reliance contends that the sale documents required a mortgage on the property to secure the loan by two of the purchasers, Dr. and Mrs. Floyd Thacker, who were out of town on July 29, 1983. Reliance argues that no valid power of attorney to execute the mortgage existed for the Thackers, and the sale could not have been completed for this reason.
At trial, defendants introduced the deposition of Dr. John E. Green, Jr., an employee *550 of Dr. Floyd Thacker, who testified that approximately one week before the date of the act of sale, he was given power of attorney by Dr. and Mrs. Thacker to sign and execute any and all documents pertaining to the sale of the property located at Marengo and St. Charles Avenue. Dr. Green believed that this authority included the execution of any and all mortgages or promissory notes in connection with the financing of the purchase of this property on behalf of Dr. Thacker and his wife.
Although Dr. Green could not produce the actual power of attorney document as it had been destroyed prior to the date of his deposition, nor could he recall the precise language of the document, the Commissioner apparently believed Dr. Green's testimony that the authority had been given to him to execute the act of sale on behalf of Dr. and Mrs. Thacker on July 29, 1983. Reliance introduced no evidence to contradict Dr. Green's testimony and argues on appeal that the power of attorney was insufficient as it did not specifically express the property description or purchase price and did not specifically give Dr. Green the authority to execute a mortgage on behalf of the Thackers as is required by La.Civil Code articles 2996 and 2997.
However, the testimony of Dr. Green clearly indicates that the power of attorney had been executed by the Thackers for the specific purpose of purchasing the subject property. Dr. Green testified that until he learned of the existence of the restraining order, he planned to attend the act of sale on July 29, 1983 and execute all documents pertaining to the sale on behalf of the Thackers. The attorney who intended to close the act of sale, J. Arceneaux, testified that he was aware of no impediment with the Thacker's power of attorney which would have prevented the sale from occurring as scheduled, and the restraining order is what prevented the sale from being executed on that date.
There is nothing in the record which conclusively indicates that the power of attorney executed by the Thackers was deficient in any way or that such would have prevented the purchasers from obtaining title to this property on July 29, 1983. Rather, the record establishes that the sale was enjoined solely because of the restraining order obtained by plaintiffs. Reliance's argument that defendants were not prepared to purchase this property due to an insufficient power of attorney is speculative at best. We find no error in the Commissioner's findings that Reliance failed to sustain its burden to prove the sale could not have occurred regardless of the issuance of the temporary restraining order.

ASSIGNMENT NO. 2
Reliance next argues that the Commissioner erred in refusing to allow Reliance to amend its answer to include the defense of mitigation of damages. Reliance contends that defendants failed to mitigate their damages by rescheduling the act of sale after the restraining order had been vacated. The substance of this argument is that defendants had the opportunity to execute the sale on August 1, 1983 but failed to do so. They argue that this failure, and not the issuance of the temporary restraining order, was the cause of defendant's inability to take title to the property.
Our review of the record reveals that Reliance filed a general denial to defendants' reconventional demand for damages and additionally filed other third party demands. However, Reliance did not include in its answer to the reconventional demand the defense of defendants' failure to mitigate their damages. The trial court found that Reliance was precluded from offering testimony on the issue of mitigation of damages as this defense had not been affirmatively pled in their answer. Although Reliance attempted to amend its answer on the morning of trial to include this defense, the trial court refused to allow the amendment.
Reliance sought review of this issue from the trial court which affirmed the Commissioner's ruling that mitigation of damages is an affirmative defense which must be affirmatively pled in the answer. Reliance also applied for writs from this ruling to this Court as well as to the Louisiana Supreme Court which were denied. All testimony on this issue was introduced *551 into the record through a proffer made by Reliance.
Affirmative defenses are governed generally by La.Code of Civil Procedure article 1005, which provides in part:
The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense.
Although "mitigation of damages" is not an enumerated affirmative defense, clearly, it falls under the provision in the article, "any other matter constituting an affirmative defense." Mitigation of damages operates as any other affirmative defense, because it serves to defeat plaintiff's petition not by a showing that the issues raised by plaintiff's petition will result in judgment for defendants, but instead that matters wholly apart from the consideration of issues raised by plaintiff's petition will result in judgment for defendants. See, Rider v. Fontenot, 463 So.2d 951 (La. App. 3d Cir 1985).
Affirmative defenses are required to be raised in answer because they raise matters outside of the issues raised by plaintiff's petition and plaintiff must be made aware of these defenses at an early stage so that plaintiff may prepare his case accordingly. Id., at 956.
In the present case, Reliance's defense of mitigation of damages raises other legally sufficient grounds to defeat defendants' reconventional demand which are not part of the issues raised by defendants. If Reliance had properly raised this affirmative defense in their answer, defendants could have prepared their case in opposition to the claim that the sale could have taken place on August 1, 1983. Reliance's contention that defendants were aware during the course of these proceedings that they would be using this as a defense is insufficient. If the affirmative defense would have been allowed despite Reliance's failure to include it in their answer or if Reliance had been allowed to amend its answer on the morning of trial to include this defense, defendants, who may not have been aware of these allegations, would have been subjected to a surprise "trial by ambush" which is specifically what article 1005 was designed to prevent.
We find that the Commissioner's refusal to allow Reliance to amend its answer on the morning of trial to include this defense was not an abuse of discretion and we refuse to consider the proffered evidence of defendants' failure to mitigate damages which was properly excluded at the trial.

ASSIGNMENT NO. 3
As a final assignment, Reliance argues that the Commissioner's award of interest on the judgment rendered was in excess of the face amount of the bond and was therefore erroneous. The judgment rendered against Reliance was for $100,000.00, together with costs and legal interest from the date of judicial demand.
In support of its position, appellant cites Travelers Indemnity Company v. Askew, 280 So.2d 469 (Fla.App. 1st Dist.1973) wherein the judgment rendered by the lower court was greater than the face amount of the surety bond, and the Court of Appeal reversed holding that liability on the bond was limited to the penal amount of the bond. However, Travelers is not a case where interest from the date of demand was the amount awarded in excess of the face amount of the bond, which is the situation presented herein.
The court's award of interest herein does not arise out of the contract on the bond as argued by appellant, but rather compensates defendants for the cost of delay in collecting the funds. Appellant could have avoided the compilation of interest by paying the face amount of the bond, and by failing to do so became liable for interest from the date of judicial demand on the amount awarded. The record supports the Commissioner's award of the full amount of the bond, and we find that the award of interest in excess of the face value of the *552 bond is proper. Appellant's argument is without merit.

DECREE
Accordingly, the judgment appealed from is affirmed at appellant's cost.
AFFIRMED.

ON APPLICATION FOR REHEARING
Reliance Insurance Company has applied to this court for a rehearing en banc of our decision in No. 89-CA-2318 on the issue of mitigation of damages as an affirmative defense.
Our review of the record reveals the following:
Reliance Insurance Company filed a general denial to defendants' reconventional demand for damages. Because Reliance's answer did not include the allegation that defendants had failed to mitigate their damages, the Commissioner refused to hear testimony on this issue at trial. Reliance then attempted to amend its answer on the day of trial to include this defense, which was denied by the Commissioner.
Reliance then sought review of this ruling from the trial court which affirmed the Commissioner's decision. Reliance then filed a writ in this court for review of the lower court's ruling on this issue. In 87-K-8145, a panel of this court denied this application. Reliance then applied for a writ to the Supreme Court, which was also denied by 87-CC-1984.
In our original opinion, we considered this issue and held that mitigation of damages was an affirmative defense which should have been pled at the trial level. We reiterate that finding. Reliance's application for rehearing is denied.